1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11  VETERANS RIDESHARE, INC. et al.,          Case No.:  20cv1304-BAS-LL
12                              Plaintiffs,
13  v.                                        **ORDER GRANTING JOINT**
                                              **MOTION TO DEPOSE SCOTT**
14  NAVISTAR INTERNATIONAL                    **KOHN**
    CORPORATION et al.,
15                                            **[ECF No. 36]**
                                Defendants.
16
17

18      Currently before the Court is the parties' Joint Motion For Leave to Depose Scott
19  Kohn. ECF No. 36. The parties state that Mr. Kohn is currently incarcerated at the
20  Spartanburg County Detention Center ("SCDC") in Spartanburg, South Carolina. Id. at 3.
21  The SCDC is purportedly operated by the Spartanburg County Sheriff's Office and is under
22  contract with the United States Marshals Service ("USMS") to hold federal inmates
23  awaiting criminal trial in federal court. Id.
24      Under the Federal Rules of Civil Procedure, "[a] party may, by oral questions,
25  depose any person[.]" Fed. R. Civ. P. 30(a)(1); Jules Jordan Video, Inc. v. 144942 Can.
26  Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) ("[U]nder Rule 30 any person's testimony may
27  be taken by deposition."). "[I]f the deponent is confined in prison," however, "[a] party
28  must obtain leave of court, and the court must grant leave to the extent consistent with Rule

26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(B). Under Rules 26(b)(1) and (2):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
>
> . . . .
>
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C).

Here, Plaintiffs allege, inter alia, that Defendants leased them defective trucks. ECF No. 19. Accordingly, Plaintiffs bring claims for negligence, negligent misrepresentation, fraudulent concealment, fraud in the inducement, and violation of California's Unfair Competition Law. ECF No. 19. In support of their Joint Motion, the parties state that Mr. Kohn is the former owner of Veteran's Rideshare, Inc., Car Champs Finance, LLC, and Your Leasing Solution, LLC ("the Plaintiff companies"). ECF No. 36 at 3. Mr. Kohn purportedly owned the Plaintiff companies when at least some of the trucks were leased between January 2015 until 2018. Id. The parties state:

> Scott Kohn is thus believed to have knowledge relevant to the claims and defenses in this case, including but not limited to (1) the circumstances surrounding the lease of the Trucks; (2) the identity, roles, and responsibilities of Plaintiffs' officers, employees, and representatives with knowledge relevant to the Parties' claims and defenses; (3) the alleged misrepresentations and nondisclosures made to Plaintiffs prior to their lease of the Trucks; (4) Plaintiffs' business operations from 2015 to 2018; (5) Plaintiffs' alleged damages; (6) the use, operation, maintenance, performance, and repair of the

Trucks; and (7) any contributory fault by Mr. Kohn or others from his alleged Ponzi scheme to defraud military Veterans of their pension payments, to the extent his operation of such scheme interfered with Plaintiffs' normal business operations.

Id. Additionally, the parties state that Defendants' counsel conferred with an official from the Spartanburg County Sheriff's Office who informed them that Defendants may only depose Mr. Kohn pursuant to a Court Order, and that the deposition could be accomplished remotely by video conference. Id. at 3-4.

Based on the above, the parties' Joint Motion For Leave to Depose Scott Kohn [ECF No. 36] is **GRANTED**. Upon reasonable notice to Mr. Kohn and the Spartanburg County Sheriff's Office, either party, or both parties, may depose Mr. Kohn in accordance with the Federal Rules of Civil Procedure and SCDC's rules and regulations, including the presence of correctional officers during the deposition. The deposition will be taken by video conference.

Prior to his deposition, the parties shall coordinate with Lieutenant Brian Licurs of the Spartanburg County Sheriff's Office and the USMS, through Lt. Lacers, regarding the date and time for the deposition, and any logistics regarding the videoconferencing platform. In connection with same, counsel for Defendants shall serve a copy of this order to Lt. Licurs via email.

Once the above is accomplished, the parties are **ORDERED** to serve a federal subpoena on Mr. Kohn pursuant to Federal Rule of Civil Procedure 45, reflecting the date, time, and method for the deposition.

The court reporter may also be remote provided that pursuant to Rule 28, "a deposition will be deemed to have been conducted 'before' an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants." See Grano v. Sodexo Mgmt., Inc., No. 18cv1818-GPC(BLM), 2020 WL 1975057, at *4 (S.D. Cal.

3

20cv1304-BAS-LL

Apr. 24, 2020) (quoting <u>Sinceno v. Riverside Church in City of N.Y.</u>, No. 18-cv-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020)).

     **IT IS SO ORDERED**.

Dated:  December 16, 2021

_____

Honorable Linda Lopez
United States Magistrate Judge

20cv1304-BAS-LL